IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM MADDEN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS LLC,<br><br>　　　　　Defendant. | Case No. 0:23-cv-02670-WMW-DJF<br><br>**PLAINTIFF'S MOTION FOR LIMITED JURISDICITONAL DISCOVERY AND TO EXTEND THE DEADLINE TO AMEND HIS COMPLAINT** |

Plaintiff William Madden ("Plaintiff"), by and through his counsel, respectfully moves the Court to permit him to seek limited discovery from Defendant Radius Global Solutions, LLC ("Radius" or "Defendant") for the purpose of establishing this Court's jurisdiction under the Class Action Fairness Act ("CAFA"); and, additionally, to extend the deadline to amend his Complaint pursuant to the Court's August 31, 2023 Order. In support of this limited Motion, Plaintiff states as follows:

　　1.　　On August 29, 2023, Plaintiff filed a Class Action Complaint against Radius for harm caused by a data breach that resulted in the theft of Plaintiff's and hundreds of thousands of other individuals' sensitive information. ECF No. 1, at ¶¶ 1–6. The stolen information included names, birth dates, social security numbers, patient treatment codes, treatment locations, and treatment payment history. *Id.* at ¶ 6.

　　2.　　In his Complaint, Plaintiff alleged the Court had subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d). CAFA affords federal jurisdiction where a class action

involves more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one proposed class member is diverse from at least one defendant. 28 U.S.C. § 1332(d). Plaintiff had a good faith basis to allege the Court has jurisdiction under CAFA because Radius operates nationwide and, consequently, class members are likely located in many, if not all, states. Of the few state attorneys general that list whether a data breach impacted their state's citizens, several geographically dispersed states have already listed Radius's breach, including California, Maine, Massachusetts, and Wyoming. Plaintiff, who resides in Texas, also received a notice, indicating that class members also reside there.

3. On August 31, 2023, the Court ordered Plaintiff to file an amended Complaint to add allegations that establish CAFA's minimal diversity requirement is met. ECF No. 5, at 4. As a limited liability company, Radius "takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Id.* at 2 (citing *Key Enters., LLC v. Morgan*, 12-cv-2628-PJS-JSM, 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013)). In its order, the Court stated that, to establish CAFA's minimal diversity requirement is met here, Plaintiff must: (1) identify Radius's members and potential sub-members and their citizenship; and (2) establish the likely citizenship of the potential class members. *Id.* at 3–4.

4. Plaintiff has diligently investigated Radius's members and their citizenship. Plaintiff determined that Defendant Radius Global, LLC is a wholly owned subsidiary of NGI Acquisitions, LLC. *See* Radius Global Solutions, LLC's Rule 7.1 Corporate Disclosure Statement, *Kathleen Shiltz, et al. v. Radius Global Sols., LLC, et al.*, No. 12-cv-

2403, ECF No. 19, ¶ 2 (D. Minn. Dec. 9, 2021) (attached to the Declaration of Brian C. Gudmundson "Gudmundson Decl." as Ex. A). Plaintiff further discovered that NGI Acquisitions, LLC is a wholly owned subsidiary of NGI Investments, LLC. *See* Mot. to Remand for Lack of Jurisdiction, *Fickling & Co., Inc., et al. v. West Shore Legacy , LLC*, No. 1:22-cv-0238, ECF No. 6, ¶ 5 (S.D. Fla. Oct. 3, 2022) (attached to the Gudmundson Decl. as Ex. B).

5.  NGI Investments, LLC has reported in court filings that it has 475 members with some having citizenship in Massachusetts and New York. *Id.* Plaintiff also believes that NGI Investments, LLC has members with citizenship in Georgia and Florida based on filings with the Georgia Secretary of State and Florida Secretary of State.

6.  However, despite Plaintiff's efforts to determine the members of NGI Investments, LLC, and their citizenship, he has been unable to do so for all 475 members based upon the limited information available in public records and filings. At the time of filing this motion, no counsel has yet made an appearance on Radius's behalf, meaning Plaintiff has been unable to determine Radius' position on the Court's August 31, 2023 Order or work with Defendant to informally obtain information about Radius' citizenship and the location of the data breach notice recipients.

7.  Where, as here, a determination of jurisdiction requires identifying the citizenship of Defendant's sub-members, jurisdictional discovery is necessary and appropriate. *See MN Airlines, LLC v. Global Aviation Servs. USA, Inc.*, No. 19-cv-0843, 2019 WL 2296882, at *1 (D. Minn May 30, 2019) ("Defendants ask that the Court allow jurisdictional discovery so Defendants can determine the citizenship of the members of the

3

LLC. At this early stage of the litigation, Defendants are entitled to discovery on this issue."); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016) ("'[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978)).

8. Consequently, Plaintiff respectfully requests the Court allow him to take limited discovery from Defendant to determine: (1) the citizenship of the members and any sub-members of Radius; and (2) the states to which Radius sent notice to individuals of the data breach. Specifically, should the Court grant Plaintiff's Motion, Plaintiff intends to serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.[1]

9. Plaintiff also requests the Court extend the deadline to file an amended complaint to October 26, 2023 to permit sufficient time to obtain the necessary jurisdictional discovery.

10. For the reasons set forth above, Plaintiff respectfully requests the Court grant his Motion.

Respectfully submitted,

Dated: September 14, 2023

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson (MN Lic. #336695)
Michael J. Laird (MN Lic. #398436)
Rachel K. Tack (MN Lic. #399529)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400

---

[1] Plaintiff has attached as Exhibit C to the Gudmundson Decl. the proposed interrogatories he would serve on Radius should the Court grant his motion.

4

brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

William B. Federman
(*pro hac vice forthcoming*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
-and-
212 W. Spring Valley Road
Richardson, TX  75081
Email: WBF@federmanlaw.com

*Counsel for Plaintiff and the Class Proposed Class*